UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLIFFORD E. VANTASSEL,<br>　　　　Plaintiff<br>v.<br><br>MARILYN S. BROOKS, et al.<br>　　　　Defendants. | Civil Action No. 02-166 Erie |

ORDER OF COURT AMENDING THE ~~VERDICT~~ JUDGMENT

AND NOW this __25th__ day of __August__, 2005, the Court being advised that the parties have entered into an agreement regarding the Plaintiff's Motion for Payment of Attorneys' Fees, Costs and Expenses, interest on the $97,484 jury award, the additional wage loss due the Plaintiff from the date of verdict until April 25, 2005 when the Plaintiff was permitted to return to work, payment of sick leave, personal leave, and annual leave benefits and personnel record adjustments to achieve reinstatement without loss of benefits. Accordingly, the Court does hereby order as follows:

　　1.　　The Court does hereby award to the Plaintiff attorneys' fees at a rate of $225.00 per hour for a total of 577.78 hours for a total amount of $130,000.00. The Court also awards to the Plaintiff, costs incurred in the amount of $23,000.00. The total award for attorney fees and costs is in the amount of $153,000.00.

　　2.　　The Court does hereby award to the Plaintiff, the jury verdict amount of $97,484 for back wages plus the sum of the $1,579.24, representing six months of post

judgment interest compounded annually at a rate of 3.24 percent (using the interest rate as defined by 28 U.S.C. § 1961, compounded annually).

3.  In addition to the back wages, interest, attorneys' fees and costs indicated above, the Plaintiff is entitled to additional income and benefit loss as accrued between the date of the judgement and the date that the Court ordered Mr. VanTassel to be returned to work. With respect to the question of salary for those five weeks, it is ordered per agreement of the parties that the Bureau of Human Resources of the Department of Corrections will change the effective date of his rehire from April 25, 2005 to March 21, 2005 via the state's computerized personnel system. This action will automatically recalculate his salary for these five weeks, offset by the amount the Plaintiff actually earned with his other employment. This action will also adjust his leave accrual and leave service credit to reflect those five weeks as time worked.

4.  With respect to sick leave, it is ordered per agreement of the parties that Mr. VanTassel's sick leave will be adjusted by adding 378.56 hours to reflect his sick leave balance from the date that he was separated.

5.  With respect to personal leave, it is ordered per agreement of the parties that the Department of Corrections will enter a balance adjustment for 82.5 hours of annual leave, to reflect an amount for the personal days Mr. VanTassel would have been able to use for the three years in which he was separated from the Department.

6.  With respect to annual leave, Mr. VanTassel was compensated for 340.75 hours at the time of his separation. Aside from the above listed adjustment, no further balance adjustment will be made to the annual leave balance.

7.  It is ordered per agreement of the parties that the Department of

Corrections will adjust Mr. VanTassel's return to work date and make such other of Mr. VanTassel's personnel record adjustments such that all of Mr. VanTassel's future entitlement to benefits including sick leave, personal leave, annual leave and retirement benefits will remain the same as though no interruption in employment had occurred and as though Mr. VanTassel had been employed continuously since his original date of hire with the Department of Corrections.

BY THE COURT:

/s/ Sean J. McLaughlin          J.